IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BERKLEY E. HAIRSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14CV940 |
| | ) | |
| DOUG HENDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court upon Defendant Doug Henderson's motion to dismiss for lack of personal jurisdiction, insufficient service of process, and a failure to state a claim upon which relief can be granted. (Docket entry 11.) Plaintiff Berkley Hairston opposes the motion. (Docket Entry 14.) For the following reasons, it is recommended that the Court grant Defendant's motion to dismiss.

## I. BACKGROUND

Plaintiff filed this action on November 16, 2014 alleging a violation of Plaintiff's constitutional due process rights resulting from Defendant's refusal to have independent DNA testing of biological evidence related to Plaintiff's state court conviction. (Complaint, Docket Entry 2.) In 2000 the Plaintiff was convicted of two counts of statutory rape, one

count of statutory sexual offense and one count of taking indecent liberties with a child. (Pl.'s Reply at 2, Docket Entry 14.)[1] He was sentenced to a term of 21 to 26 years. (*Id.*)

Maintaining his innocence, Plaintiff alleges that he moved the state court for DNA testing and that his motion was denied on January 30, 2012. (Compl. at 6, Docket Entry 2.) Subsequently, he petitioned the North Carolina Court of Appeals to issue a writ of certiorari, but his petition was denied on April 25, 2012. (*Id.*) Before this Court, Plaintiff claims "that the DNA analyst that was responsible for handing, preparing and conducting DNA testing" was forced to resign for "knowingly and willfully creat[ing] false lab reports, conceal[ing] her true findings, and mishandl[ing] DNA evidence in many cases." (*Id.* at 6-7.) He now seeks injunctive relief from this Court compelling the independent DNA testing. (*Id.* at 5.)

## II. DISCUSSION

Defendant contends that dismissal is appropriate pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5) and 12(b)(6).[2]

### A. Subject Matter Jurisdiction

Defendant argues that the case is not properly before this Court because Plaintiff "did not exhaust all of his appeals, and he did not file a petition for writ of habeas corpus." Def.'s Br. at 3, Docket Entry 12.) Subject matter jurisdiction is both a Constitutional and statutory

---

[1] The Court may take judicial notice of the North Carolina Department of Public Safety website which reveals Plaintiff's 2000 convictions. *See* www.doc.state.nc.us ("Offender Public Information" search for "Berkley E. Hairston" last performed on Nov. 10, 2015); Fed. R. Evid. 201(b).

[2] Defendant asserts jurisdictional issues in his ground for dismissal pursuant to 12(b)(6); thus the Court will analyze this ground under 12(b)(1) for lack of subject matter jurisdiction. In any event, the Court may raise questions of subject matter jurisdiction *sua sponte*. *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004).

2

requirement which restricts federal judicial power to a limited set of cases and controversies. Thus, "no action of the parties can confer subject matter jurisdiction upon a federal court." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). When a defendant challenges subject matter jurisdiction, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*; *see also Evans v. B.F. Perkins, Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

Here, Defendant contends that it is outside the powers and duties of a United States District Court to overrule a criminal state court decision in a civil law suit. According to the *Rooker-Feldman* doctrine, "lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997); *see also Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000) ("[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.") (internal quotations omitted). The *Rooker-Feldman* doctrine prevents a federal court from determining that a state court judgment was erroneously entered or taking action that would render a state court judgment ineffectual. *Jordahl v. Democratic Party of Virginia*, 122 F.3d 192, 202 (4th Cir. 1997) (citing *Ernst*

3

*v. Child and Youth Servs.*, 108 F.3d 486, 491 (3d Cir.1997)). It is a narrowly tailored doctrine, such that the relief sought in federal court must seek to "'reverse or modify' the state court decree" for the doctrine to apply. *Adkins v. Rumsfeld*, 464 F.3d 456, 464 (4th Cir. 2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Here, Plaintiff seeks relief denied to him by the North Carolina state courts. This is nothing more than an impermissible collateral attack on a criminal judgment from the state court. Plaintiff counters by arguing that his case is similar to *Skinner v. Switzer*, 562 U.S. 521 (2011). (Pl.'s Reply at 4, Docket Entry 14.) However, this argument misreads *Skinner*. *Skinner* holds that "a state-court decision is not reviewable by lower federal courts, but a statute or rule governing the decision may be challenged in a federal action." *Skinner*, 562 U.S. 522. The plaintiff in that case challenged the validity of the underlying state statute. *Id.* Here, Plaintiff attacks the ruling of a North Carolina superior court denying him the DNA evidence, not the validity of the underlying state statute. He has previously sought an order from state court under N.C. GEN. STAT. § 15A-269 to obtain post-conviction testing. (*See* Compl. at 6, Docket Entry 2.) Plaintiff's request for testing was denied, and his subsequent petition for a writ of *certiorari* to the North Carolina Court of Appeals was also denied. (*Id.*) Neither the complaint nor Plaintiff's brief purports to challenge the validity of the state statute. (*See* Docket Entry 2 at 6-11; Docket Entry 14 at 3-5.) Moreover, it is clear that success on this claim would effectively nullify the order of the state court. Therefore, the reasoning of *Skinner* is inapposite here and this Court does not have subject matter jurisdiction to adjudicate this action. *See Ridgeway v. David*, No. 5:12-CT-3002-D, 2013 WL 2488940, at *5 (E.D.N.C. June 10, 2013) (unpublished) (finding that the plaintiff "does not allege that North Carolina's post-conviction

4

DNA statute is constitutionally inadequate either facially or as applied," but rather "challenges adverse state-court decisions."); *Alvarez v. Att'y Gen'l for Fla.*, 679 F.3d 1257, 1263-64 (11th Cir. 2012) (internal quotations, citations omitted) (finding no error in district court holding that *Rooker-Feldman* barred it from exercising subject matter jurisdiction, holding that "Alvarez's as-applied procedural due process challenge boils down to a claim that the state court judgment itself caused him constitutional injury by arbitrarily denying him access to the physical evidence he seeks under Florida's concededly constitutional procedures. It is abundantly clear that success on this claim would effectively nullify the state court's judgment and that the claim would succeed only to the extent that the state court wrongly decided the issues.").

## B. Personal Jurisdiction

Defendant also contends that the Court lacks personal jurisdiction as a result of insufficient service of process. "A motion under Rule 12(b)(5) is the appropriate means for challenging the manner or sufficiency of service of process. The plaintiff bears the burden of establishing that service of process has been accomplished in a manner that complies with Rule 4." *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 519, 526 (M.D.N.C. 1996) (citations omitted). Where a plaintiff does not effectuate "valid service of process, the district court [is] without jurisdiction of the defendant...." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

Service of process on a state or local government official may be achieved by serving its chief executive officer or "in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). In North Carolina,

5

service on an agency or officer of the state is governed by North Carolina Rule of Civil Procedure 4(j)(4). N.C. GEN. STAT. § 1A-1, Rule 4(j)(4). The rule requires that process be served personally or by mail to the process agent appointed by the agency or the Attorney General of North Carolina. *Id.* Here, Defendant was served in person at the Guilford County Courthouse. (*See* Aff. of Service, Docket Entry 8.) Thus, Defendant was not properly served under North Carolina law.[3]

## III. CONCLUSION

For all these reasons, **IT IS RECOMMENDED** that the court **GRANT** the Defendant Henderson's Motion to dismiss (Docket Entry 11), or alternatively, dismiss this case *sua sponte* for lack of subject matter jurisdiction.

Joe L. Webster
United States Magistrate Judge

November 13, 2015
Durham, North Carolina

---

[3] Because the Court recommends dismissal for lack of subject matter jurisdiction, the Court need not further address whether service of process was sufficient under federal law. *See Rogers v. Henderson*, No. 1:14CV461, 2015 WL 2194477, at *1-2 (M.D.N.C. May 11, 2015) (discussing service of process upon a state officer under federal law).